Mr: Justice NELSON,
dissenting.
I am unable to concur in the opinion just delivered. The steamer Siren, having been captured by the United States steamship Gladiolus, a government vessel of war, jure belli, became the property of the United States, subject oníy to the right of the claimant to have the question of the legality of the capture determined by the prize court to-which it was sent for condemnation. Captures made by government vessels belong to the government, and no title exists in the captors, except to their distributive shares of the proceeds after condemnation.*
I agree that the Siren, while on her way, after capture, under the charge of the prize master, was in fault in the collision with the sloop Harper, on her passage from the East River into the Sound, and that, if she had belonged to a private owner, she would have been liable, in the admiralty, for all the damages consequent upon this fault. Nor do I make any question as to a lien for the damages against the *164 vessel in such a case, and which may be enforced by a proceeding in rerri; or may be by a petition to the court against the proceeds, in the registry, if, for any'cause* the offending vessel has. been sold, and no prior lien exists against these | proceeds. 'But if the owner of the offending vessel is not liable at'all for the> collision, it follows, as S necessary legal consequence, that there can be no lien, otherwise the. non- . liability would amount to nothing. Ii would be idle to say that the owner was not liable for the wrong, and .at the same time subject his vessel for the damages occasioned. In this casé, therefore, before a lien, can be established or enforced' against the Siren by a proceeding in rem, for the' fault in question, or, which is the same thing, before, it'can be applied to the proceeds of the ■ vessel in the registry, it must first be.shown that the United States, the owner, is legally liable for the collision. In saying legally liable, I do not mean thereby legally liable to a suit; but legally liable upon common law principles in case a suit" might have been maintained against the government; in other words, legally liable for the wrongful acts of her officers or public agents. That, in my judgment, is the turning-point in this case, and the principle is as applicable to the proceeds of the Siren in the registry as to the vessel itself. If the government is not responsible, upon the-principles of the common law, for wrongs committed by her officers or, agents, then, whether the pror .oeed'ings in the admiralty are against the vessel, or its proceeds, the court is bound to dismiss them.
Now, no principle at common law is better settled than, •that the government is not liable' for-the wrongful acts of ,hef public agents. Judge Story, in his work on Agency, states it as follows: “It is plain,” hé observes, “that the government itself is not responsible for the misfeasances, or wrongs, or negligences, or omissions of duty of the subordinate officers or agents employed in the .public service; for it does Hot undertake to guarantee to any persons the fidelity of any of the officers or agents whom it employs, since that. Would involve it in all its operations in endless embarrassments, and' difficulties, and losses, which, would be' subver *165 sive of the public interests.” When we take into view the multitude of public officers and agents, which the, government is obliged to employ in conducting its affairs; the' soundness, propriety, and even necessity of this principle become at once apparent. In our judgment the present case, falls directly within it. In all these cases,of wrongs committed by public officers or agents, the legal responsibility attaches to the actual wrongdoer.
. It is supposed that the liability of government property for salvage or general averagé coutributipn, for services or sacrifices, in cases of impending danger to the property, af-ford some authority for the judgment in the present case. We are unable to perceive any analogy to the principle we have been discussing. There a portion of the property is taken, or appropriated, as a compensation for saving it from a peril that threatened the loss of the whole. The cases involve no principle concerning the liability of the government for the tortious acts of its public officers.
Great stress is laid also upon the circumstance that the United States is the libellant, and has brought the offending vessel or its proceeds into court, and that the proceeding against the 'fund in the registry is not a suit against the government. But the answer to this is not that the proceeding may not be taken against'the fund in the registry, although there is cei'tainly some difficulty in distinguishing between that and a proceeding against the vessel itself, but that the fund which belongs to the government is not liable at all for the wrongful acts of its officers, which wrongful acts lie at the foúndation of the judgment rendered in the case. It is for-this principle I contend, and for which I am compelled to dissent from the judgment.

 Dos Hermanos, 10 Wheaton, 306; The Aigburth, Blatchford’s Prize Cases, 635; The Adventure, 8 Cranch, 226.